IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VICKIE V.[1], | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 7:21-cv-00217 ) |
| KILOLO KIJAKAZI, Acting Commissioner, Social Security Administration, | ) By: Elizabeth K. Dillon ) United States District Judge ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Vickie V. (Vickie) brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her application for disability benefits under the Social Security Act. (Compl., Dkt. No. 1.) Vickie filed a brief in support of her appeal (Dkt. No. 22), and the Commissioner moved for summary judgment (Dkt. No. 25). Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred this matter to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On August 24, 2022, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 27.) Vickie filed objections on September 7, 2022. (Dkt. No. 28.) The Commissioner responded on September 8, 2022. (Dkt. No. 29.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

1

recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment and affirm the Commissioner's decision.

## I. BACKGROUND[2]

Vickie filed for Supplemental Security Income (SSI) on February 5, 2018, alleging disability due to mental health conditions, including anxiety, depression, and bipolar disorder. Her alleged onset date was December 20, 1985. In addition to her mental impairment, Vickie also presented physical impairments due to her osteoarthritis and lumbar spine degenerative disc disease. The state agency denied Vickie's claim at both the initial and reconsideration levels of administrative review.

The administrative law judge (ALJ) found that Vickie's mental impairments of bipolar disorder and generalized anxiety, while severe, did not meet or medically equal a listed impairment. The ALJ also determined that Vickie had a mild limitation in understanding, remembering, or applying information and moderate limitations in interreacting with others, concentrating, persisting, or maintaining pace, and in adapting or managing oneself. The ALJ then determined that Vickie had the residual functional capacity (RFC) to perform the full range of work at all exertion levels with certain non-exertional limitations. The ALJ also found her osteoarthritis and lumbar spine degenerative disc disease to be non-severe impairments, as there was no evidence in the record of any doctor recommending that Vickie undergo further surgery, physical therapy, injections, or any treatment beyond medication for her osteoarthrosis. Additionally, during her physical consultative examination in 2020, she denied limitations with sitting, walking, standing, or lifting.

---

[2] The court adopts the recitation of facts and procedural background set forth in the report. (R&R 2–10.)

Based on Vickie's RFC, the ALJ found that she could maintain attention, concentration, and focus for simple, routine tasks with scheduled breaks at approximately two-hour intervals. Vickie could interact with others, but in predominantly brief superficial encounters of one to three minutes for each encounter. The ALJ also determined that she could not have high-demand pace production work or assembly line work, and that she should avoid hazards, such as machinery and heights. Therefore, even though Vickie had no past relevant work, she could perform the requirements of representative occupations such as a laundry worker, hand packager, and cleaner. As such, the ALJ determined that Vickie was not disabled.

## II.  DISCUSSION

### A.  Standard of Review

This court's review of the ALJ's underlying decision is limited. *See Gregory H. v. Saul*, No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citing 42 U.S.C. § 405(g)). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the

magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 680 (1980) (finding that de novo review of the magistrate judge's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs., Inc.*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). A plaintiff who reiterates her previously raised arguments will not be given 'the second bite at the apple she seeks'; instead, her re-filed brief will be treated as a general objection, which as the same effect as would a failure to object. *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)).

**B. Objections to the R&R**

Vickie's first argument on appeal was that the ALJ erred in finding that her osteoarthritis and lumbar spine degenerative disc disease were non-severe impairments at step two, and then further erred in its findings on step four and five with respect to these conditions. (Dkt. No. 22, at 12–15.) She also argued that the ALJ's mental RFC determination was not supported by substantial evidence. (*Id.* at 17–20.) Vickie's sole argument in her objection to the magistrate

4

judge's R&R repeats the same argument made in her opening brief regarding her osteoarthritis and lumbar spine degenerative disc disease (Dkt. No. 28, at 1.) Vickie claims that the magistrate judge erred by failing to recognize that the ALJ ignored evidence in assessing the severity of the osteoarthritis and lumbar spine degenerative disc disease in steps two, four, and five. It is not necessary for the court to address the exact same arguments raised before, and thoroughly addressed by, the magistrate judge. The court will, however, note the following.

Vickie contends that the magistrate judge erred in concluding that even if the ALJ's finding at step two was erroneous, the error was harmless because the ALJ considers the effects in the step four RFC analysis. (Dkt. No. 28, at 1.) However, even considering Vickie's November 12, 2010 x-ray showing moderate discogenic and degenerative disease and anterolisthesis, the magistrate judge correctly noted that substantial evidence supported the ALJ's conclusion at step two. The ALJ thoroughly reviewed Vickie's medical records and treatments regarding her osteoarthritis, even those predating the relevant period. (R&R at 12.) At step four, the ALJ reviewed the records, medical opinions, hearing testimony, and subjective allegations. The ALJ further addressed Vickie's impairments at the step four RFC analysis and explained the basis for the conclusion, which is indeed supported by substantial evidence. Moreover, as district courts in the Fourth Circuit have held, an ALJ does not commit reversible error by omitting an impairment or improperly assessing an impairment as non-severe, so long as the ALJ considered the impairment in subsequent steps. *See, e.g.*, *Lance M. v. Kijakazi*, No. 2:21-cv-628, 2022 WL 3009122, at *7 (E.D. Va. July 13, 2022), report and recommendation adopted, 2022 WL 3007588 (E.D. Va. July 28, 2022) ("The ALJ thoroughly engaged with the evidence [at step four], and her severity finding at Step Two does not require remand."); *Jones v. Comm'r*, No. 4:10-cv-75, 2011 WL 3273129, at *14 (E.D. Va. June 9, 2011), report and

recommendation adopted, 2011 WL 3268120 (E.D. Va. July 28, 2011).  Here, however, the ALJ did not ignore the evidence or improperly assess Vickie's impairments as non-severe.  Vickie's disagreement essentially asks the court to reweigh the evidence, which is not within its role.

### III.  CONCLUSION AND ORDER

After a review of Vickie's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.  Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 27) is ADOPTED;
2. Vickie's objections (Dkt. No. 28) are OVERRULED;
3. The Commissioner's motion for summary judgment (Dkt. No. 25) is GRANTED; and
4. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: September 29, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge